IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.     Criminal No. 3:18CR109

DANIEL ROBERT HYATT

**MEMORANDUM OPINION**

Daniel Robert Hyatt, a federal inmate proceeding pro se, has filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 47). In his § 2255 Motion, Hyatt raises the following claim for relief:

> Claim One: "Procedural error by [Court] not adequately explaining 157 percent upward departure." (Id. at 3.)[1]

The Government responded that, inter alia, Hyatt's claim is procedurally default and not a cognizable basis for § 2255 relief. For the reasons set forth below, Hyatt's § 2255 Motion (ECF No. 47) will be denied.

**I. PERTINENT PROCEDURAL HISTORY**

On December 13, 2018, Hyatt plead guilty to one count of aggravated identity theft (Count Two) and one count of Bank Fraud (Count Four). (ECF No. 25, at 1-2.) As part of the Plea Agreement,

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

Hyatt knowingly waived his right to appeal any sentence within the statutory maximum. (Id. at 4.)

The advisory guidelines provided for a sentence of 27 to 33 months for Court Four, to be follow by a mandatory consecutive sentence of 24 months on Count Two. (ECF No. 49, at 3.) The Government moved for an upward variance. (ECF No. 33.) The Court granted the motion and imposed an sentence of 84 months on Count Four to be followed by a consecutive sentence of 24 months on Count Two. (ECF No. 49, at 41.) The Court explained at length that such a sentence was required because of Hyatt's present egregious behavior, repetitive criminal conduct, and the failure of prior incremental increases in punishment for similar conduct to curb Hyatt's predatory actions. (Id. at 33-35.)

## II. ANALYSIS

First, the Government correctly notes that, absent a showing of cause and prejudice or actual innocence, Hyatt's claim is barred from review here because Hyatt could have raised, but did not raise, this claims on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); see also United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for

collateral review. But he is precluded from raising claims that are the sort that <u>could</u> <u>have</u> been raised on appeal.").

Hyatt vaguely suggests that the ineffective assistance of counsel constitutes cause to excuse the default of his claim. Specifically, on the space on the standardized form where Hyatt was directed to explain why he did not raise the issue on direct appeal, Hyatt states "Attorney not available, no communication, went on vacation." (§ 2255 Mot. 3.)

Hyatt does not suggest that counsel ignored his request to file an appeal or was immediately unavailable following sentencing to pursue an appeal. Given Hyatt's waiver of his right to appeal his sentence in the Plea Agreement and the Court's comprehensive explanation for the sentence imposed, Hyatt fails to demonstrate that counsel performed deficiently by failing to consult with Hyatt about an appeal. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 480 (2000) (concluding counsel's duty to consult with a defendant arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing"). Accordingly, the Court rejects Hyatt's suggestion that the ineffective assistance of counsel constitutes cause to excuse his default.

3

Second, "[t]he language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Hyatt fails to demonstrate his appropriately imposed variant sentence constitutes a defect, much less a fundamental defect.

### III. CONCLUSION

The 2255 Motion (ECF No. 47) will be denied. The action will be dismissed. Hyatt's Motions for the Appointment of Counsel (ECF Nos. 51, 52) will be denied. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Hyatt and counsel for the Government.

It is so ORDERED.

/s/ RSP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 25, 2022